**Martin REISMAN, etc., Plaintiff,**

v.

**MEDAFRICA LINES, U.S.A., et al., Defendants.**

No. 82 Civ. 4921 (RWS).

United States District Court, S.D. New York.

Sept. 6, 1984.

Israel Weinstock, New York City, for plaintiff.

Cichanowicz & Callan, New York City, for defendants; Michael J. Carcich, Joseph F. DeMay, Jr., New York City, of counsel.

## OPINION

SWEET, District Judge.

Shipper Martin Reisman ("Reisman") commenced this admiralty action against Medafrica S.p.a. ("S.p.a.") and Medafrica U.S.A. ("U.S.A.") to recover in excess of $150,000, alleging that S.p.a. and U.S.A. had failed to deliver goods of that value to their destination and had failed, upon demand, to return such goods to Reisman. S.p.a. and U.S.A. have moved pursuant to Fed.R.Civ.P. 56 and 46 U.S.C. § 1303(6) to dismiss the action both because it is time barred and because it fails to state a claim against defendants. U.S.A. and S.p.a. also move to impose sanctions on Reisman pursuant to Fed.R.Civ.P. 37. The motion to dismiss is granted, and the question of Rule 37 sanctions therefore need not be reached.

**Background**

Reisman alleges that in or about July, 1980 he delivered the goods involved in this case to defendants upon defendants' agreement to ship the goods to Harcourt, Nigeria. The transfer of goods was identified by bills of lading 910 and 915, dated June 27, 1980. The goods were to be delivered and released to U.A. Ezumo in Nigeria upon Ezumo's presentation of the original bill of lading. Reisman alleges that S.p.a. and U.S.A. failed to deliver the goods properly, have failed to account for the goods, and, upon demand, have failed to return the goods to Reisman. However, Reisman accepts as true the assertion in defendants Rule 3(g) statement that plaintiff's cargo was delivered or should have been delivered by September 27, 1980. Upon these facts, Reisman alleges, in Count One, breach of the carriers' obligations and asserts a claim for recovery of $157,820.

In Count Two Reisman alleges the same facts and asserts a claim of negligence against S.p.a. and U.S.A., alleging damages of the same amount.

In Count Three, Reisman realleges the same facts and damages, founded upon a claim of conversion.

In Count Four, Reisman alleges that defendants fraudulently induced Reisman to enter into the shipping contract by falsely claiming to be trustworthy and competent shippers and by intending to induce Reisman's reliance on such assertions. Reisman, however, in an affidavit of June 27, 1984 concedes that: "In or about June of 1980, I dealt with a freight forwarder, Anthony Assorto of Mercantile Freight Forwarders in New York because that was the only way I could ship goods to Nigeria; I could not deal directly with *Medafrica Lines*, ..." Also, Reisman concedes the accuracy of defendants' assertion in their Rule 3(g) statement that:

6. Defendant, Medafrica Line, U.S.A., was not the agent for the ocean carrier, MEDAFRICA LINE, S.p.a., at the time the bills of lading were issued or when the cargo was or should have been delivered.

7. Defendant, MEDAFRICA LINE, U.S.A., was not named in any of the subject bill of lading contracts either as agent or as principal.

8. Defendant, MEDAFRICA LINE, U.S.A., never had possession, custody or control of plaintiff's cargo in the United States, on the high seas, or in Nigeria.

### Discussion of Law

Defendants seek to dismiss the complaint by alleging first that the U.S. Carriage of Goods by Sea Act, 46 U.S.C. 1300 et seq. controls this action and second that the claims are time barred by the one year statute of limitations in § 1303(6) of the Carriage of Goods by Sea Act ("COGSA").

The initial issue that demands resolution is whether COGSA applies to the claims brought by Reisman. 46 U.S.C. §§ 1302 and 1312 limit COGSA's application to all "contracts for carriage of goods by sea." 46 U.S.C. § 1301(e) defines the term "carriage of goods" as including the "period from the time when the goods are loaded on to the time when they are discharged from the ship." 46 U.S.C. § 1311 provides that "[n]othing in this chapter shall be construed as superseding ... any other law

which would be applicable in the absence of this chapter, insofar as they relate to the duties, responsibilities, and liabilities of the ship or carrier prior to the time when the goods are loaded on or after the time when they are discharged from the ship."

■ On its face, the statute applies to the first three claims brought by Reisman: those for breach of contract, negligence, and conversion. The analysis in *Miller Export Corp. v. Hellenic Line, Ltd.*, 534 F.Supp. 707, 710 (S.D.N.Y.1982) is on point with respect to these claims:

Although colored as allegations of negligence and fraud, these claims presuppose an obligation ... The only duty owed by [the defendant] from which these presumed obligations arose is the duty incident to the shipper-carrier relationship ... Plainly, [defendant's] responsibilities under this agreement to carry goods in foreign trade is governed by COGSA, and this court has held that exclusive application of COGSA cannot be avoided by couching claims in terms of negligence or other common law causes of action ....

*Id.* at 710.

Each of the first three claims brought by Reisman is similarly founded upon a presupposition of an obligation whose scope and terms are controlled by COGSA: The breach of contract, negligence, and conversion claims are the common law equivalents of the actions for which COGSA was meant to be an exclusive definition of liability in the shipper-carrier context. Consequently, the COGSA one year statute of limitations, running from the date of delivery or date when the goods should have been delivered, is applicable. All parties agree that the date commencing the running of the statute of limitations is September 27, 1980 and that the action was not commenced before July 28, 1982. The first three claims are therefore dismissed.

■ The fourth claim, fraud in the inducement of the contract, however, falls outside COGSA and challenges the legitimacy of the contract of carriage. The as-

sertion of the existence of the contract does not bar the action. *See Toho Bussan Kaisha, Ltd. v. American President Lines,* 155 F.Supp. 886 (S.D.N.Y.1957). Reisman alleges that U.S.A., as agent for the undisclosed principal, S.p.a., made fraudulent representations inducing Reisman's reliance on such statements and Reisman's consequent acquiescence to transferring the goods to the defendants for shipment to Nigeria. However, in later affidavits Reisman concedes facts as noted above and Reisman's local Rule 3(g) statement accepts the facts presented in defendants' 3(g) statement as accurate. Defendants' Local Rule 3(g) statement, paragraphs 6, 7 and 8 (quoted *supra* ) establish the facts which defeat the fraudulent inducement claim.

■ Further, Reisman, in his affidavit of June 27, 1984, admits that "In or about June of 1980, I dealt with a freight forwarder, Anthony Assorto of Mercantile Freight Forwarders in New York because that was the only way I could ship goods to Nigeria; I could not deal directly with Medafrica Lines, and I was told they were the only ones shipping to Nigeria at that time." Any misrepresentations to Reisman must then have been made by Mercantile Freight Forwarders, not by Medafrica Lines. Reisman's theory of defendants' liability, must be that Medafrica Lines can be held liable for assertions fraudulently made by Mercantile Freight Forwarders, as agent for Medafrica Lines. However, this theory runs directly contrary to this Circuit's recent definition in *U.S. v. Ventura,* 1984 AMC 645, 724 F.2d 305 (2d Cir.1983), of the relationship between a shipper and a freight forwarder:

> A shipper retains a freight forwarder because of the freight forwarder's expertise in securing the dispatch of cargo to a foreign destination. Because of this expertise and the freight forwarder's greater access to information [from NVOCCs and VOCCs,] the shipper relies on the freight forwarder's representations regarding the suitability, efficiency, and economy of using certain carriers, the

availability of ships, and other matters relating to the shipment. Moreover, because of the shipper's inability to monitor every step in the shipping process, the freight forwarder must often make arrangements for shipment details without express approval for these arrangements from the shipper. The freight forwarder thus exercises considerable control over the transport-related decisions of the shipper. In describing the shipping industry, the government's expert witness termed the relationship between a shipper as principal and freight forwarder as agent "a fiduciary relationship" "of the greatest trust and fidelity" and stated that the freight forwarder "has the obligation of trying to obtain for the shipper the cheapest and the most efficient and most economical transportation that he can." Recognizing the nature of this relationship, courts have described freight forwarders as "agents of the shipper" for the purposes of arranging cargo transport, *United States v. American Union Transport, Inc.,* 327 U.S. 437, 443, 66 S.Ct. 644, 647, 90 L.Ed. 772 1946 AMC 197, 201 (1946), and as, essentially, "export departments for their shipper clients," *New York Foreign Freight Forwarders and Brokers Ass'n v. Federal Maritime Comm'n,* 1964 AMC 605, 606, 337 F.2d 289, 292 (2d Cir.1964), *cert. denied,* 380 U.S. 910 [85 S.Ct. 893, 13 L.Ed.2d 797] (1965).

*Ventura, supra,* 1984 AMC at 653–54, 724 F.2d at 310–11.

Rather than act as an agent of the carrier, the forwarder is in fact an agent of, and consequently liable for misrepresentations to, the shipper. Reisman cannot, therefore, base defendants' liability upon the allegedly fraudulent misrepresentations of the freight forwarder. Since Reisman concedes that he dealt only with the freight forwarder, not directly with Medafrica Lines, Reisman cannot maintain an action for fraudulent misrepresentation against defendants. The fourth claim must be dismissed pursuant to Fed.R.Civ.P. 56.

**54**

## Conclusion

Counts One, Two and Three of Reisman's complaint are dismissed pursuant to 46 U.S.C. 1303(6) and Count 4 is dismissed pursuant to Fed.R.Civ.P. 56.

IT IS SO ORDERED.